UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Docket No. 2:16-cr-84 |
| ) | |
| MATTHEW ABEL, ) | |
| ) | |
| Defendant. ) | |

## MATTHEW ABEL'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO SEVER

Matthew Abel submits this memorandum in reply to the government's opposition to Mr. Abel's motion to sever. The government asserts in its opposition that it would be "an extraordinary inconvenience and costly to have witnesses return for two or three trials rather than one." (Doc. 102). The law, however, does not allow defendants to be deprived of a fair trial because it is easier or more economical for the government to try defendants in one trial instead of two or three. The Supreme Court has concluded that at a minimum district courts should sever cases pursuant to Fed. R. Crim. P. 14 if there is a serious risk that a joint trial would (1) "prevent the jury from making a reliable judgment about guilt or innocence," or (2) "compromise a specific trial right of one of the defendants." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Because serious risks of both exist here and because the Court has broad discretion to sever to protect against prejudice at trial created by joinder, Mr. Abel's trial should be severed from Alison Gu's trial.

The government's evidence in support of Count One consists of loan applications and electronic evidence that allegedly reveals a scheme to defraud financial institutions. Because the government asserts that the applications and communications with financial institutions contain false content on their face, the key issue for the jury will be determining the identity of the person who allegedly sent, completed, and/or signed the applications or communications with

knowledge of their falsity. Given that the government has significant evidence to demonstrate that the allegedly fraudulent documents originated from the household shared by Ms. Gu and Mr. Abel, they will be forced to implicate each other explicitly or implicitly as the party exclusively responsible for the alleged false statements as explained in Mr. Abel's motion. These defenses are clearly "mutually antagonistic" or "irreconcilable" (as opposed to merely an "it-wasn't-me" defense) because the jury cannot accept both defenses: one or the other must be responsible for the documents the government alleges contain false material statements. The defense the jury does accept will result in the conviction of the other defendant given the alleged content of the documents and communications. *See United States v. James*, 712 F.3d 79, 105 (2d Cir. 2013) ("To obtain a severance on the ground of antagonistic defenses, a defendant must show that the conflict is so irreconcilable that acceptance of one defendant's defense requires that the testimony offered on behalf of a codefendant be disbelieved.") (internal brackets and quotation marks omitted); *see also United States v. Yousef*, 327 F.3d 56, 151 (2d Cir. 2003) ("Defenses are mutually antagonistic when accepting one defense requires that the jury must of necessity convict a second defendant.") (internal quotation marks omitted).

In light of the "mutually antagonistic"/"irreconcilable" defenses, a joint trial will force Mr. Abel and Ms. Gu to aggressively attack each other on substance and credibility, becoming, in essence, a second prosecutor. *See Zafiro*, 506 U.S. at 543-544 (joinder is problematic in cases involving mutually antagonistic defenses because "joinder may introduce what is in effect a second prosecutor into a case, by turning each codefendant into the other's most forceful adversary") (Stephens, J. concurring). Such sparring between co-defendants triggered by their irreconcilable defenses and between co-defendants and the prosecutor will "prevent the jury from making a reliable judgment about guilt or innocence." This is particularly prejudicial to Mr. Abel given the dearth of evidence demonstrating that he is responsible for the allegedly

fraudulent documents. By seeking to try Mr. Abel with Ms. Gu, the government is attempting to bolster its weak evidence on identity as to Mr. Abel by co-opting Ms. Gu as a second prosecutor. Severance is therefore appropriate. *See Zafiro*, 506 U.S. at 539; *see also United States v. Allmendinger*, 2011 WL 841514, at *5 (E.D. Va. Mar. 7, 2011) (exercising discretion to sever defendants for trial because, among other things, "throughout the trial each defendant will be fending off thrusts from the prosecution and from the other defendant" and the jury will be called upon "by the prosecution to reject both versions of defense and to convict both defendants"); *United States v. Green*, 324 F. Supp. 2d 311, 324-25 (D. Mass. 2004) (exercising discretion to sever defendants for trial given that "[t]here is a considerable risk that each defendant, ably throwing pot-shots at the other, would make the government's case for it" since "a juror could well say: 'I cannot figure out who did the shooting, given the defendants' mutual accusations, but it doesn't matter. They were involved somehow and that is enough.'").

Severance is also appropriate because there is a serious risk that a joint trial would "compromise a specific trial right of one of the defendants." *Zafiro*, 506 U.S. at 539. Defendants have a constitutional right to testify at trial on their own behalf. *Faretta v. California*, 422 U.S. 806, 819 n.15 (1975). Furthermore, Mr. Abel and Ms. Gu share a long term, committed domestic partnership and are responsible for raising children who reside in their household. They are intimate life partners who share life together just like married couples. This Court should therefore "continue the evolutionary development of testimonial privileges" in light of "reason and experience" by extending the adverse spousal testimony privilege to domestic partners. *See Trammel v. United States*, 445 U.S. 40, 47 (1980) (citing Fed. R. Evid. 501); *In re Grand Jury Subpoena U.S.*, 755 F.2d 1022, 1028 (2d Cir. 1985) ("The marital privilege rests upon its perceived role in fostering the harmony and sanctity of the marriage relationship, and the natural repugnance in every fair-minded person to compelling a wife or

husband to be the means of the other's condemnation, and to compelling the culprit to the humiliation of being condemned by the words of his intimate life partner forced from her by governmental compulsion.") (internal citations and quotation marks omitted), *vacated on other grounds sub nom. United States v. Koecher*, 475 U.S. 133 (1986).[1]

Forcing Mr. Abel to choose between his right to assert a defense at trial and his right not to testify against his domestic partner will deprive him of a fair trial. This Court should sever Mr. Abel's trial from his domestic partner's trial just as other courts have severed trials of husbands and wives. *See, e.g., United States v. Blanchard*, 2007 WL 1976359, at *7 (E.D. Mich. July 3, 2007) (severing trial of husband and wife under Rule 14 because "[f]orcing a defendant into a 'Catch-22,' to choose one form of legal protection at the expense of another, is inconsistent with the fundamental idea [of] a fair trial"); *United States v. Dobson*, 2003 WL 22427984, at *2 (E.D. Pa. Aug. 18, 2003) ("Severing proceedings to avoid a forced choice between the right to testify in one's own defense and the right not to testify adversely against a spouse is an appropriate procedural option to avoid the denial of substantive rights.").

Alternatively, if this Court determines that severance is not required because a joint trial does not pose a serious risk of a compromised trial right or an unreliable judgment, this Court should exercise its broad discretion under Rule 14 to sever defendants. The above-described prejudice that a joint trial will cause Mr. Abel warrants such discretionary relief. *See* Fed. R. Crim. P. 14(a) (Court "may . . . sever the defendants' trials" where joinder of defendants "appears to prejudice a defendant."); *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (Rule 14 severance decision is committed to the "sound" discretion of the trial court); *United States v. Stein*, 140 F. Supp. 761, 766 (S.D.N.Y. 1956) (exercise of sound discretion "involves

---

[1] The Second Circuit has held that the privilege against adverse spousal testimony is not subject to a "joint participant exception." *In re Grand Jury Subpoena U.S.*, 755 F.2d at 1028.

evaluating the prejudice claimed by both the defendant and the Government in light of the facts of the particular case and the climate in which it is to be tried").

The government's assertion that other remedies short of severance (e.g., limiting instructions, jury instructions, redactions) are sufficient for the Court to mitigate defendants' prejudice also lacks merit. As discussed above, once the jury decides which defense it believes, it will almost certainly find the other defendant guilty of Count One. No instruction by the Court (e.g., jury must consider evidence separately against each defendant) will mitigate that prejudice.

Finally, the government asserts that Mr. Abel's Motion to Sever Defendants for Trial is premature because it is unknown whether the case against Mr. Abel or Ms. Gu will go to trial. Mr. Abel timely filed his motion prior to the pre-trial motions deadline set by this Court. This case has only two defendants and neither defendant has entered a guilty plea or executed a plea agreement with the government. After decision on the motions to sever, this matter will be trial ready. The government's suggestion that the Court delay a ruling makes no sense and would create further prejudice to Mr. Abel by requiring him to prepare for trial under two different scenarios. The motion is ripe and should be decided by this Court after hearing.

For the reasons stated in this Reply and in Mr. Abel's Motion to Sever Defendants for Trial, the Court should sever defendants for trial.

Dated at Burlington, Vermont, this 31st day of March, 2017.

**MATTHEW ABEL**

By:  */s/ Craig S. Nolan*_____
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

5

## CERTIFICATE OF SERVICE

I, Craig S. Nolan, counsel for Matthew Abel, do hereby certify that on March 31, 2017, I electronically filed with the Clerk of Court the following document:

**MATTHEW ABEL'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION TO SEVER**

using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

| | |
|---|---|
| Michael P. Drescher, Esq. | David L. McColgin, Esq. |
| U.S. Attorney's Office | Federal Public Defender's Office |
| 11 Elmwood Avenue | 126 College Street, Ste 410 |
| P.O. Box 570 | Burlington, VT 05401 |
| Burlington, VT  05403 | david_mccolgin@fd.org |
| michael.drescher@usdoj.gov | |

Dated at Burlington, Vermont this 31st day of March, 2017.

By: */s/ Craig S. Nolan*_____
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com

6