UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>                    **Plaintiff,** )<br>)<br>                    **v.** )<br>)<br>**MATTHEW ABEL,** )<br>)<br>                  **Defendant.** ) | Docket No. 2:16-cr-84 |

## MATTHEW ABEL'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO SEVER DEFENDANTS FOR TRIAL

Matthew Abel, by and through counsel, Sheehey Furlong & Behm P.C., hereby moves for reconsideration of the Court's denial of his motion to sever defendants for trial based on a change in circumstances since the Court's April 20, 2017 ruling.

"The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Ail. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir .1992). Subsequent to the Court's April 20, 2017 Order, Mr. Abel lost his employment due to the charge brought against him in this matter. As a consequence, he is struggling to support Ms. Gu, her three children and himself. Recognizing this change in Mr. Abel's economic circumstances, on June 26, 2017, this Court granted Mr. Abel's request for the appointment of CJA counsel because he could no longer afford retained representation due to the termination. Additionally, since the Court's ruling, Ms. Gu obtained new counsel on May 16, 2017 and a continuance of the trial from June to late October/early November to permit her new counsel to adequately prepare for trial.

Under Rule 14(a), a District Court "may . . . sever the defendants' trials" where joinder of defendants "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The Rule 14 severance

decision is committed to the "sound" discretion of the trial court. *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (citation omitted); *United States v. Stein*, 140 F. Supp. 761, 766 (S.D.N.Y. 1956) (exercise of sound discretion "involves evaluating the prejudice claimed by both the defendant and the Government in light of the facts of the particular case and the climate in which it is to be tried").

Given the change in circumstances, the Court should sever defendants for trial. As discussed previously, the government's case against Mr. Abel is weak, and Mr. Abel was prepared to try the matter in June. Two events beyond his control—his termination from employment and the appointment of new counsel for Ms. Gu—have combined to substantially prejudice Mr. Abel. Both events arise from the existence of this matter and since May have severely impaired his ability to support his family. Although he understands and accepts that new counsel for Ms. Gu needs additional time to prepare Ms. Gu's defense, which Mr. Abel fully supports, that continuance has caused severe prejudice to Mr. Abel and his family.[1] Consequently, Mr. Abel implores the Court to exercise its discretion to sever defendants for trial and schedule his trial as soon as possible.

---

[1] In response to a scheduling inquiry from chambers, on May 30, 2017, undersigned counsel for Mr. Abel responded:

> Mr. Abel recently lost his job due to the allegations in this matter. As a result, I anticipate renewing his motion to sever and seeking a trial as soon as possible so that he can be cleared and resume his employment to support his family. Mr. Abel does not, however, seek to prejudice Ms. Gu, whose new counsel needs time to adequately assess the evidence and prepare a defense.
> I recognize that currently you must plan for a fall trial. Without waiving Mr. Abel's right to seek an earlier trial, I inform you that my September and October are generally open with the exception of a Public Service Board technical hearing (trial) on September 7 and 8 in a rate proceeding. Consequently, I would be available for a pretrial conference during the weeks of August 21 and 28 and September 11, and for trial beginning on September 18.

On the following day, chambers proposed a pretrial conference on August 22 and trial commencing September 19. Unfortunately, counsel for the government had a conflict, causing chambers to propose trial dates of October 30 to November 8. With regard to these dates, undersigned counsel for Mr. Abel responded, "Without prejudicing Mr. Abel's forthcoming motion for an earlier, severed trial, I inform the Court that he and I are available on the dates you've proposed."

Wherefore, for the foregoing reasons, as well as those articulated in support of his original motion to sever defendants, Mr. Abel respectfully requests that the Court reconsider its earlier denial, and based on the change in circumstances sever defendants for trial and schedule Mr. Abel's trial for the earliest possible date.

Dated at Burlington, Vermont, this 3rd day of July, 2017.

                **MATTHEW ABEL**

By:    */s/ Craig S. Nolan*_____
        Craig S. Nolan, Esq.
        SHEEHEY FURLONG & BEHM P.C.
        30 Main Street, 6th Floor
        P.O. Box 66
        Burlington, VT  05402-0066
        (802) 864-9891
        cnolan@sheeheyvt.com

## **CERTIFICATE OF SERVICE**

I, Craig S. Nolan, counsel for Matthew Abel, do hereby certify that on July 3, 2017, I electronically filed with the Clerk of Court the following document:

**MATTHEW ABEL'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO SEVER DEFENDANTS FOR TRIAL**

using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

| | |
|---|---|
| Michael P. Drescher, Esq. | Lisa B. Shelkrot, Esq. |
| U.S. Attorney's Office | Langrock Sperry & Wool LLP |
| 11 Elmwood Avenue | 210 College Street |
| P.O. Box 570 | PO Box 721 |
| Burlington, VT  05403 | Burlington VT 05402-0721 |
| michael.drescher@usdoj.gov | lshelkrot@langrock.com |

Dated at Burlington, Vermont this 3rd day of July, 2017.

By: */s/ Craig S. Nolan*_____
Craig S. Nolan, Esq.
SHEEHEY FURLONG & BEHM P.C.
30 Main Street, 6th Floor
P.O. Box 66
Burlington, VT  05402-0066
(802) 864-9891
cnolan@sheeheyvt.com