U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2017 AUG 21 PM 3: 38

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:16-cr-84 |
| | ) |
| ALISON GU, a/k/a "Alison Ling," | ) |
| "Ally Koo," "Ai J. Chen," "Ai Jen Chen," | ) |
| "Ai Chen," "Jing Shao," "Yijing Gu," | ) |
| "Yijing Lin," "Alison Yi Gu," and | ) |
| MATTHEW ABEL | ) |

**ENTRY ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION**
(Doc. 129)

Pending before the court is Defendant Matthew Abel's July 3, 2017 motion for reconsideration (Doc. 129) of the court's April 20, 2017 Opinion and Order denying Defendant Abel's motion to sever defendants for trial. The government opposes the motion to reconsider, which the court took under advisement on July 31, 2017.

Defendant Abel is represented by Craig S. Nolan, Esq. The government is represented by Assistant United States Attorney Michael P. Drescher.

**I.   Factual and Procedural Background.**

On February 24, 2017, Defendant Abel filed a motion to sever defendants for trial, arguing that severance is warranted because he anticipates that he will present a mutually antagonistic defense to his co-defendant, Alison Gu. He further argued that a joint trial with Defendant Gu would put him in an "untenable position" because it would compromise their respective constitutional rights to testify on their own behalf at trial because they are in a long-term relationship.

On April 20, 2017, the court denied the motion. The court concluded that "in the event that Defendants present mutually antagonistic defenses at trial, they may seek an appropriate limiting instruction to cure any resulting prejudice." (Doc. 112 at 9.) The court further held that although Defendants may be in a long-term relationship, because

they are not married, the marital privilege did not apply and therefore "Defendant Abel's desire not to testify against Defendant Gu in light of their personal relationship, while understandable, is not grounds for severance." *Id.* at 11.

On July 7, 2017, Defendant Abel asked the court to reconsider its April 20, 2017 Order and sever defendants for trial. He avers that subsequent to the court's April 20, 2017 Order, he lost his employment due to the pending criminal charge in this matter and that "[a]s a consequence, he is struggling to support [Defendant] Gu, her three children[,] and himself." (Doc. 129 at 1.) He additionally notes that Defendant Gu obtained new counsel on May 16, 2017 and that a continuance from June to late October/early November was granted in order to allow Defendant Gu's new counsel adequate time to prepare. Defendant Abel argues that these two changes in circumstances "have combined to substantially prejudice [him]." *Id.* at 2. He requests that the court sever Defendants for trial and schedule his trial for the earliest date possible.

## II. Conclusions of Law and Analysis.

"Although there is no express criminal procedure provision for a reconsideration motion, courts in this Circuit have applied the applicable civil standard to such motions in criminal cases." *United States v. Larson*, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013). In the Second Circuit, the standard for reconsideration is "strict" and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "It is well-settled that a party may move for reconsideration and obtain relief only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Defendant Abel has not made the requisite showing. He has pointed the court to no intervening change of controlling law, the availability of new evidence, or the need to

correct a clear error in the court's April 20, 2017 Order. Rather, he cites a change of circumstance in the loss of his employment coupled with delay stemming from Defendant Gu's request for continuation of the pretrial conference which he did not oppose.

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "While '[t]he factor of delay in the trial of one defendant is another that might well be taken into account,' it must be balanced against the time and expense of separate trials." *United States v. Savarese*, 2002 WL 265153, at *5 (S.D.N.Y. Feb. 22, 2002) (quoting *United States v. Magnotti*, 51 F.R.D. 1, 2 (D. Conn. 1970)). The pretrial conference is scheduled for September 18, 2017. Jury draw will occur on October 30, 2017 with trial commencing immediately thereafter and continuing through November 9, 2017. These dates were agreed to by all parties including Defendant Abel. Realistically, at this juncture, the court could not schedule Defendant Abel for a separate trial on a more expedited basis. Any delay is thus unavoidable and not unduly unprejudicial in light of Defendant Abel's consent. "Balanced against the time and resources of the [c]ourt, the witnesses, and the [g]overnment that would be consumed by two . . . separate trials, and against the general preference for joint trials, this relatively short delay is insufficient to warrant severance." *Id.*

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant Abel's motion to reconsider (Doc. 129).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of August, 2017.

Christina Reiss, Chief Judge
United States District Court